IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| JOHN HILTON, | : | |
| Plaintiff | : | |
| | : | No: |
| v. | : | |
| MAYTAG CORPORATION, | : | |
| Defendant | : | |

## COMPLAINT FOR DAMAGES

**COMES NOW** Plaintiff John Hilton ("Plaintiff"), and show as follows:

1.

Plaintiff John Hilton is a Georgia resident. John Hilton resides at 2304 Walnut Lane, Waycross, Georgia 31501.

2.

Defendant Maytag Corporation (hereinafter "Maytag") is a Deleware corporation, with its principal place of business located at 553 Benson Road, Benton Harbor, Michigan 49022. Defendant Maytag's registered agent is Corporation Service Company located at 2711 Centerville Road, Suite 400, Wilmington, Deleware 19808.

3.

This Court has jurisdiction over this matter pursuant to Title 28 U.S.C. § 1332, because it is a matter in controversy involving a sum of value in excess of $75,000.00 between citizens of different states.

4.

This Court has personal and subject matter jurisdiction.

5.

Venue and jurisdiction are proper before this Court.

6.

Plaintiff John Hilton owned the house located at 2304 Walnut Lane, Waycross, Georgia 31501 (hereinafter "House").

7.

Plaintiff John Hilton purchased a Maytag Refrigerator (hereinafter "Refrigerator"), a product designed, manufactured, and marketed by Defendant Maytag.

8.

On or about February 2, 2007, the "Refrigerator" malfunctioned and caused the "House" to burn.

9.

The fire and related destruction was caused by negligent design, manufacturing, and marketing of the Refrigerator.

## COUNT ONE

## NEGLIGENCE

10.

Plaintiff hereby alleges and incorporates by reference paragraphs 1 through 9 as fully stated herein.

11.

Defendant Maytag had a legal duty as a commercial manufacturer of refrigerators to manufacture refrigerators free of defects. Hence, Defendant Maytag had a legal duty to Plaintiff to design, manufacture and market the "Refrigerator", which is the subject of this Complaint in a non-negligent manner.

12.

Defendant Maytag breached this duty by negligently designing, manufacturing, and marketing the "Refrigerator", a product that Defendant Maytag knew, or should have known, was defective such that an unreasonable risk of harm to Plaintiff and others was created thereby. The Plaintiff in no way contributed to the cause of the fire. The Plaintiff had no prior notice this fire was about to happen nor that his "Refrigerator" was defective.

13.

Defendant Maytag knew or should have known that its negligence created a reasonably foreseeable fire hazard which posed a danger to persons and property.

14.

As a direct result of Defendant's negligence, a fire damaged the house owned by Plaintiff resulting in damages totaling in excess of Seventy-five Thousand and 00/100 Dollars ($75,000.00). Defendant Maytag is liable to the Plaintiff for all damages proximately caused by its negligent design, manufacturing and marketing of the "Refrigerator" and its components.

## COUNT TWO

## STRICT LIABILITY

15.

Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 14 as fully stated herein.

16.

Defendant Maytag manufactured the "Refrigerator."

17.

When manufactured and sold, the "Refrigerator" was not merchantable, nor reasonably suited for its intended use. The "Refrigerator's" defects included, but were not limited to, defective design, manufacture, materials, and workmanship.

18.

The condition of the "Refrigerator" when manufactured and sold was the proximate cause of the damages and loss described herein in excess of Seventy-five Thousand 00/100 Dollars ($75,000.00).

## COUNT THREE

## FAILURE TO WARN

19.

Plaintiff incorporates by reference, as fully set forth herein, the allegations in paragraphs 1 through 18.

20.

Defendant Maytag knew or should have known that the "Refrigerator" had the potential

for doing harm as a result of its own negligence in the design, manufacturing, distribution and/or sale of the "Refrigerator." Consequently, Defendant Maytag had a duty to warn consumers about the potential harmful effects of the "Refrigerator's" defects prior to the fire on or about February 2, 2007.

21.

Defendant Maytag negligently breached its duty to warn when it did not adequately warn consumers, including Plaintiff, about the "Refrigerator's" defects.

22.

Defendant Maytag's negligent failure to warn the Plaintiff directly and proximately caused the fire that caused damage to the "House" owned by Plaintiff.

23.

Plaintiff seeks recovery against Defendant for damages in excess of $75,000.

24.

Defendant is liable to Plaintiff for punitive damages to deter future like conduct.

**WHEREFORE**, "Plaintiff" prays for the following:

a) That a summons be issued and served requiring the Defendant to appear as provided by law to answer this Complaint;

b) That Plaintiff have a trial by jury;

c) That Plaintiff have and recover from Defendant in the amount of his loss and be placed back to the position he was in prior to the manifestation of said product defect;

d) That all costs and fees be cast against the Defendant; and

e) For all other relief as the Court may find just and proper.

This _26_ day of February, 2010

By: _____
Rick D. Collum
Georgia Bar No. 178908
Attorney for Plaintiff

**THE COLLUM LAW FIRM. P.C.**
P.O. BOX 1867
MOULTRIE, GA 31776
Tele: (229) 891-3000
Fax: (229) 985-5450